# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES EDWARD PRESTON** | **CIVIL ACTION NO. 09-1138-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN RICHARD BRAZZEL** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner James Edward Preston ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on July 7, 2009. Petitioner is incarcerated at the Union Parish Detention Center in Farmerville, Louisiana. He challenges his state court convictions and sentences. He names Warden Richard Brazzel as respondent.

On February 9, 2009, Petitioner was convicted of one count of possession of a Schedule II, CDS and one count of possession of a Schedule III, CDS in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to two ten year sentences of imprisonment at hard labor. The trial court ordered the sentences to run concurrently to one another and any other sentence.

In support of this petition, Petitioner alleges (1) his sentences were ordered to run concurrently to his Texas state court sentence and (2) he was to report to Texas on March 5, 2009 to begin serving his Texas sentence.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner did not file a direct appeal and he did not file his application for post-conviction relief in the state court until July 1, 2009. This petition was filed in this Court

on July 7, 2009. Thus, Petitioner could not have exhausted his state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 29th day of July, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE